**FISHER et, etc v
OHIO MALLEABLE IRON CO**

Ohio Appeals, 2nd Dist, Franklin Co

No 2273.   Decided April 4, 1933

R. B. Baldwin, Columbus, and Cowan, Adams & Adams, Columbus, for plaintiff in error.

Stephen A. Sharp, Columbus, for defendant in error.

KUNKLE, J.

Under the state of the record was the trial court justified in directing a verdict?

Counsel have favored us with very complete and exhaustive briefs. We have considered the same, but from the conclusion at which we have arrived we think it unnecessary to discuss many of the authorities in detail.

Counsel for defendant in error complain of the attitude of the trial court in permitting the introduction of certain testimony in addition to that which was heard before the Industrial Commission.

We shall decide this case upon the facts which are admitted in open court to exist. We think such openly admitted facts determine the case and it will, therefore, not be necessary for us to consider certain other questions suggested.

The facts so admitted in open court and shown either directly or indirectly by the record are that Trafford Fisher was an employee of the defendant in error on June 21st, 1930, and had been such employee for a considerable period of time prior thereto; that on June 21st, 1930, while in the course of his employment he received an

injury on his leg by reason of a casting hitting him, and that on October 11, 1930, he died. Whether his death was the result of, or could be traced to, the injury complained of, or whether it was the result of an embolism are matters which are in dispute.

For the determination of this case, however, it will not be necessary to decide that question.

It is further admitted in open court that at the time of this injury, viz., June 21, 1930, the defendant in error was what is known in the Workmen's Compensation Act as a self insurer; that on October 11, 1930, the day of the death of Trafford Fisher, the defendant in error was not what is known under the Workmen's Compensation Law as a self insurer, but from July 1st, 1930, the defendant in error had paid premiums into the State insurance fund covering the six months period beginning July 1st, 1930.

Counsel for plaintiff in error in their brief state that before instituting this proceeding they inquired from an official in the Industrial Commission and were advised that the defendant in error was a self insurer.

While we appreciate the embarrassing position in which counsel may be placed by relying upon such information, nevertheless that will not change the rule of law governing actions of this nature.

In brief, the plaintiff in error insists that the liability in favor of plaintiff in error is determined as of the date of the injury to her husband Trafford Fisher, and if this contention is correct then the trial court was not warranted in directing a verdict.

In brief, the defendant in error contends that the cause of action of the plaintiff in error accrued upon the death of her husband Trafford Fisher; that prior to his death no cause of action existed in her favor.

If the contention of the defendant in error is correct then the plaintiff in error had no cause of action at the date of filing her petition as against the defendant in error.

The rights of the parties in cases of this nature are determined solely by the provisions of the Workmen's Compensation Act. We have examined the various sections of this Act referred to by counsel, and from such examination can not escape the conclusion but that the cause of action for injuries received in the course of employment accrues to the injured person at the time of receiving such injuries; that no cause of action accrues to the dependents of such injured employee until his death, if he dies as a result of such injuries.

Counsel for defendant in error rely upon the decision of our Supreme Court found in the case of **Industrial Commission of Ohio v Kamrath, reported in 118 Oh St at page 1.** Counsel for plaintiff in error attempt to distinguish this case from the case at bar.

We are familiar with the Kamrath case, as it was submitted to us in the Court of Appeals of Montgomery County. It is unimportant to state that upon the hearing of that case we felt the dependent in that case was entitled to some relief, but the Supreme Court held otherwise.

We can not escape the conclusion but that the reasoning of the Supreme Court in the Kamrath case is decisive of the case at bar as against the right of the plaintiff in error to recover in this particular action.

The syllabus of this case is as follows:

"1. The rights of injured employees and the dependents of killed employees to participate in the state insurance fund are such, and such only, as are conferred by statutory law.

"2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the state insurance fund.

"3. The cause of action of an injured employee accrues at the time he receives an injury in the course of his employment.

"4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment."

Under the 4th paragraph of the syllabus above quoted, and under the reasoning as found in the opinion of Judge Robinson, it is clear that the plaintiff in error had no cause of action and that none accrued in her favor until the death of her husband in October of 1930, at which time and for several months prior thereto the defendant in error was not a self insurer.

The Kamrath case is the latest expression of our Supreme Court upon this subject, and we are of opinion that the rule as announced therein is decisive of the admitted facts in this case.

The judgment of the lower court must therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.